IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEE HOSKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-1122-SMY-RJD |
| FRANK EOVALDI, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Lee Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Hoskins alleges he was subjected to excessive force, retaliation, unconstitutional confinement in a filthy cell, and deliberate indifference to his medical needs. Hoskins is currently proceeding on the following claims:

Count One: Eighth Amendment excessive force claim against Eovaldi for twisting and bending Hoskins' hands and fingers on November 30, 2016.

Count Two: Eighth Amendment deliberate indifference claim against all Defendants for placing and/or holding Hoskins in an unsanitary cell contaminated with human waste, and/or refusing to relocate him or remedy the unhealthy conditions between November 30, 2016 and January 4, 2017.

Count Three: First Amendment claim against Eovaldi, Sanders, Young, Lt. Engelage, Officer Engelage, Hudson, Jetton, Carter, Witthoft, Officer Spiller, Swisher, Hof, Laminack, Bump, Mercer, Snell, Mennerich, Marshall, Rena Engelage, Hartman, Roth, Lang, Gardiner, Myers, Brookman, Held, Slavens, McCarthy, Wooley, Sanders, William Spiller, Gee, Phelps, Gutreuter, and Allen for

placing and/or holding Hoskins in an unsanitary cell to retaliate against him for his litigation and/or grievance activity against Menard officers.

Count Four: Eighth Amendment deliberate indifference claim against health care providers Marshall, Rena Engelage, and Lang for refusing to provide Hoskins with medical attention for the skin irritation, nausea, and other conditions he developed while housed in the unsanitary and contaminated cell.

This matter is now before the Court on the following motions filed by Plaintiff:

- Motion for an Order Compelling Discovery (Proper Interrogatory Responses) against the Defendants (Doc. 76);

- Motion for an Order Compelling Discovery (Proper Discovery Document Responses) against the Defendants (Doc. 77);

- Second Motion to Compel the Defendants to Provide Adequate Responses and Documents to the Plaintiff Discovery Request (Doc. 90);

- Combined Motions for Discovery (Doc. 92); and

- Motion for the Court to Issue an Order to Pinckneyville Correctional Center Health Care Unit (Doc. 98)

**1. Motions to Compel (Docs. 76, 77, and 90)**

In these motions, Plaintiff asks the Court to compel Defendants to respond to his interrogatory requests and certain requests for production of documents. Plaintiff did not attach the requests and responses thereto to his motions due to purported page filing limits set by his institution. With regard to his interrogatory requests, Plaintiff asserts he has not received Defendants' answers or their signed verifications. Plaintiff explains that the information he seeks is relevant. With regard to his document requests, Plaintiff asserts that the requests seek relevant information or information required for impeachment purposes.

In response to Plaintiff's motions, Defendants provided copies of requests sent to

Defendant Hartman and his responses and/or objections thereto. Defendants explain that these responses are illustrative of the responses provided by each of the 36 defendants in this matter. Defendants further explain that Plaintiff served approximately 540 interrogatories to Defendants (15 interrogatories for each of the 36 defendants). Defendants assert they have been working diligently to provide responses to the interrogatories and, on April 16, 2019, they provided their objections to Plaintiff's interrogatories. As of July 15, 2019, all but six defendants have responded to Plaintiff's interrogatories (*see* Doc. 96).

The Court has reviewed Defendant Hartman's responses to Plaintiff's discovery requests and finds that his responses and objections to Plaintiff's requests for production of documents are appropriate. Insofar as it appears that each Defendant has not yet provided substantive responses to Plaintiff's interrogatory requests, they are **ORDERED** to do so by **September 3, 2019**. If all Defendants have provided substantive responses to Plaintiff's interrogatories, they must file a notice with the Court advising of their compliance by September 3, 2019.

Based on the foregoing, Plaintiff's Motions to Compel (Docs. 76, 77, and 90) are **GRANTED IN PART AND DENIED IN PART**.

2. **Plaintiff's Combined Motions for Discovery (Doc. 92)**

In this motion, Plaintiff indicates he needs to ask Defendants if they are "barred from providing offenders with hygiene supplies," and if so, to explain why. Plaintiff also indicates that he would like documents attached to Defendants' responses. In response to Plaintiff's motion, Defendants indicate that this appears to be a discovery request and, as such, it should not be filed with the Court. In any event, Defendants explain that in an effort to facilitate the discovery process they will treat Plaintiff's motion as a properly served discovery request and will provide appropriate responses pursuant to Federal Rules of Civil Procedure 33 and 34. Because this is a

discovery request rather than a motion seeking relief from the Court, it is **DENIED**.

3. **Motion for the Court to Issue an Order to Pinckneyville Correctional Center Health Care Unit (Doc. 98)**

In this motion, Plaintiff asks the Court to order Pinckneyville Correctional Center to produce certain mental health records to the Plaintiff or have counsel for Defendants provide Plaintiff certain mental health records so he may file a post-conviction action in Cook County Circuit Court. The Court does not have authority to order Defendants or their counsel to produce documents unrelated to the case at hand. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 19, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**