IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA LEE HOSKINS,     )
             )
  Plaintiff,       )
             )
  v.          )     Case No. 17-cv-1122-SMY-RJD
             )
FRANK EOVALDI, et al.,     )
             )
  Defendants.      )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the following motions filed by Plaintiff Joshua Lee Hoskins:

- Motion for Leave for Additional Discovery (Doc. 100)

- Motion to Compel (Doc. 101)

- Motion to Compel Defendants to Produce Discovery Documents (Doc. 102)

- Motion to Compel Defendants' Counsel to Assist Plaintiff in Obtaining Discovery Confiscated by Defendant (Doc. 103)

- Motion to Consider Additional Arguments Submitted in Support of Plaintiff's Motion to Compel Defendants' Counsel to Assist Plaintiff is Obtaining Discovery in an Unrelated Case (Doc. 106)

- Motion to Compel Defendants to Answer Interrogatories (Doc. 107)

- Motion to Compel Defendant Wooley to Answer Interrogatory #15 (Doc. 110)

- Motion for Leave to Obtain Additional Interrogatories to Defendant Ms. Jetton (Doc. 113)

**1. Motion for Leave for Additional Discovery (Doc. 100)**

In this motion, Plaintiff asserts he was limited to fifteen discovery requests, but argues he

should be allowed to get additional documents and interrogatories from defendants. In particular, Plaintiff asserts he needs the Menard Correctional Center health care unit logs, medical staff assignment logs, and staff attendance sheets. The Court notes it has not imposed a limit on Plaintiff's discovery requests; however, Federal Rule of Civil Procedure limits interrogatory requests to 25 per party. Insofar as Plaintiff seeks certain documents, Plaintiff is advised that such documents should be requested from Defendants in the form of requests to produce. At this time, however, discovery is closed. Plaintiff's Motion is therefore **DENIED**.

## 2.  Motion to Compel (Doc. 101)

In this motion, Plaintiff asks that Defendants be compelled to provide their documents and witnesses they intend to use at trial. Plaintiff indicates he is in need of his cumulative counseling summary, as well as all of his grievances and grievance logs. Plaintiff's motion is **DENIED**. Pursuant to Federal Rule of Civil procedure 26(a)(3), pretrial disclosures must be made at least 30 days before trial. In this case, there is not a set trial date, as such, Defendants are not yet required to submit their disclosures. Insofar as Plaintiff sets forth document requests in this motion, his request for documents should have been made pursuant to Rule 34 of the Federal Rules of Civil Procedure within the timeframe allowed for discovery.

## 3.  Motion to Compel Defendants to Produce Discovery Documents (Doc. 102)

Plaintiff indicates he has filed prior motions to compel and reasserts that Defendants have not provided him with the requested discovery documents. Plaintiff refers the Court to his document requests attached to his "previous motion to compel" and explains he needs certain logs he requested, as well as job descriptions and other documents. Plaintiff's motion is **DENIED**. Plaintiff's general reference to his "previous motion to compel" is vague as Plaintiff has filed numerous motions to compel (*see* Docs. 76, 77, 90, 92, and 101). This Court has addressed all of

Plaintiff's preceding motions to compel and sees no reason to reconsider its decisions based on the motion now before the Court. The Court also takes this opportunity to warn Plaintiff against the dangers of constantly filing redundant and duplicative motions. The Court is not required to endure vexatious and repetitive filings by a prisoner who simply will not take no as an answer. *Alexander v. U.S.*, 121 F.3d 312, 315-16 (7th Cir. 1997) (applying monetary sanctions for duplicative filings in a habeas case).

**4. Motion to Compel Defendants' Counsel to Assist Plaintiff in Obtaining Discovery Confiscated by Defendant (Doc. 103) and Motion to Consider Additional Arguments Submitted in Support of Plaintiff's Motion to Compel Defendants' Counsel to Assist Plaintiff is Obtaining Discovery in an Unrelated Case (Doc. 106)**

Plaintiff asserts that Defendant Swisher and Lieutenant Wall (who is not a defendant in this case), confiscated his legal documents concerning his post-conviction relief. In his motion to consider additional arguments, Plaintiff asserts that if Defendants' counsel attempts to raise any reason why his motion should be denied, Plaintiff asks that Defendants' requested relief be denied. The Court does not have authority to order Defendants or their counsel to produce documents unrelated to the case at hand. If Plaintiff believes the confiscation of the documents gives rise to a viable claim under federal or state law, he is not without recourse as he may file a separate lawsuit in the appropriate court. Plaintiff's Motion to Compel and Motion to Consider Additional Arguments are **DENIED**.

**5. Motion to Compel Defendants to Answer Interrogatories (Doc. 107)**

Plaintiff asks for an order of this Court pursuant to Rule 37 ordering Defendants Mercer, Wooley, and Spiller to answer interrogatory requests seven through fourteen. Plaintiff provided the Court with Defendants' responses to said requests, in which Defendants refer Plaintiff to their previously served objections. Plaintiff has not provided the Court with Defendants' objections

for review, nor does he set forth the particular objections in his motion before the Court. The Court cannot determine whether Defendants' objections are appropriate or whether they must respond to the requests without reviewing the objections. Accordingly, Plaintiff's motion to compel is **DENIED WITHOUT PREJUDICE**. If Plaintiff refiles his motion, he must also provide the Court with Defendants' objections to his requests.

**6. Motion to Compel Defendant Wooley to Answer Interrogatory #15 (Doc. 110)**

Plaintiff asks the Court to compel Defendant Wooley to answer interrogatory #15. Plaintiff provided Wooley's responses to his interrogatories in his motion to compel at Doc. 107; however, as mentioned above, Plaintiff did not provide the Court with Defendant's previously served objections. Because Wooley refers to her objections in response to interrogatory #15, the Court cannot evaluate whether said objections were appropriate. For this reason, Plaintiff's motion to compel is **DENIED WITHOUT PREJUDICE**.

**7. Motion for Leave to Obtain Additional Interrogatories to Defendant Ms. Jetton (Doc. 113)**

Plaintiff asks that he be granted leave to submit an additional set of interrogatories to Defendant Jetton. Plaintiff explains that although Jetton has not answered his first set of interrogatories and Jetton's answer to the complaint is not due until October 1, 2019, good cause exists to serve additional interrogatories. Plaintiff's motion is **DENIED**. First, Plaintiff does not need leave of Court to serve additional interrogatories insofar as Plaintiff is allowed to serve 25 interrogatories per party. However, insofar as Plaintiff has already served 25 interrogatories (the Court is not clear on this point), he has not demonstrated good cause to allow for additional interrogatories.

**IT IS SO ORDERED.**

**DATED: September 27, 2019**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**